ELMORE *et al. v.* ALEXANDER *et al.*

(Division A. May 4, 1931.)

[134 So. 144. No. 29350.]

**Shands, Elmore & Causey,** of Cleveland, for appellants.

W. B. Alexander, of Boyle, and W. W. Simmons, of Cleveland, for appellees.

McGowen, J., delivered the opinion of the court.

H. H. Elmore and other protestants appeal from a decree of the chancery court establishing Porter Bayou drainage district of Bolivar and Sunflower counties. The proposed district was established under section 2 (as amended) of chapter 195, Laws of 1912, which section 2 now appears as section 4452, Code 1930. On the day fixed for the hearing before the chancellor, the appellants, with others, appeared and protested against the establishment of the district, but, after hearing much evidence, the court established the district after excluding certain lands of certain objectors therefrom.

As finally submitted here, there is no question about the notice. Neither is there any question that the statutory majority at this hearing presented a petition for the establishment of the district.

It seems to be contended by counsel for the appellants that the evidence was not sufficient to warrant the chancellor in entering the decree organizing the district, because the evidence submitted by the proponents was too general, and, in addition thereto, that, because of certain lands having been excluded from the district of the same kind and in the same category as those of the protestants, theirs also should be eliminated.

We think the testimony of Rector, sanitary engineer of the state board of health of Mississippi, and Clark, engineer, fully warranted the chancellor in holding that it appeared from the evidence that the establishment of the district was necessary for the promotion of public health and for agricultural purposes—at least, on a conflict in the evidence, we could not reverse the chancellor in this finding.

It is insisted by the appellants, and the point most strongly relied on in this appeal, that Klingman, named as commissioner, was ineligible, because he was not a landowner in the proposed district. It appears that, in

the same order in which the court established the district, the three commissioners, provided for in section 4454, Code 1930, were appointed. Section 4452, Code 1930, supra, provides for the establishment of a drainage district; section 4453 provides for an appeal from said order, and that the order shall have the force of a judgment. Section 4454, Code 1930, provides as follows: "When the chancery court, or chancellor in vacation, has established such district, he shall appoint three owners of real property within the district to act as commissioners; and such persons, when so appointed, and their successors in office, shall constitute, and are hereby declared to be, a body politic and corporate by the name and style selected, as mentioned in this article, by the court or chancellor," etc.

It clearly appears from the quoted statute that it was contemplated that the order appointing commissioners should be made subsequent to the organization order, and, further, that no appeal is allowed therefrom. Such order should not have been included in the order establishing the drainage district, but its inclusion therein does not affect in the slightest degree, the validity of the order. Neither does the fact that this appointment appears in the order establishing the district render the appointment of commissioners the subject of review in this court on appeal. We are therefore of the opinion that the eligibility of Klingman as a commissioner is not properly before this court, and cannot be determined by the court on this appeal. Klingman's eligibility must be determined when and if he takes the oath of office in the manner prescribed by law.

We find no error in the order appealed from establishing this district.

Affirmed.